IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Mykel Andrews | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) Case No. 13 CV |
| | ) |
| CitiMortgage, Inc. | ) |
| | ) |
| | ) |
| | ) |
| DEFENDANT, | ) |

## COMPLAINT AT LAW

**NOW COMES** the Plaintiff, MYKEL ANDREWS, (hereinafter "Plaintiff"), complaining of Defendant CITIMORTGAGE, INC. (Hereinafter "Defendant"), as follows:

### Preliminary Statement

1. Plaintiff, MYKEL ANDREWS, a consumer, brings this action for damages based on negligence, mortgage fraud, deceptive business practices, negligent misrepresentation and intentional misrepresentation

### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. Section 1332. Plaintiff and Defendants are citizens of different states. The value in controversy exceeds $75,000. Venue in this district is proper pursuant to 28 U.S.C. Section 1391(b)

### Parties

3. Plaintiff, MYKEL ANDREWS, is a citizen of the United States and resident of Chicago Heights, State of Illinois, and County of Cook. Plaintiff is a citizen of Illinois and resides in the Northern District of Illinois.

4. The following statements about Defendants are made upon informational facts and belief.

5. Defendant CITIMORTGAGE, INC. is not a citizen of the State of Illinois and is incorporated in the State of Delaware as a mortgage servicing company.

## Summary of the action

6. This case herein is based on fraudulent assignments of mortgages by and an alleged transfer of Plaintiff's mortgage note by the Mortgage Electronic Registration System (MERS) to facilitate a foreclosure action in the state of Illinois.

7. Plaintiff entered into a loan transaction with CitiMortgage, Inc. for a home and after entering to the transaction on information and belief Plaintiff's mortgage note was securitized and placed into a trust.

8. Residential and commercial property mortgages are used to create Mortgage Backed Securities (MBS) by firms within the financial industry.

9. Mortgage backed securities represent an ownership in a group of mortgage loans, commonly referred to as pools, and their corresponding cash flows.

10. Mortgage loans are purchased from banks and are bundled together and sold as mortgage-backed securities (MBS) to investors on Wall Street.

11. Mortgage-backed securities are the ideal example of securitization, the issuer of the mortgage- backed securities can combine mortgages into one large

pool, and then divide the pool into smaller pieces, which are based on each individual mortgage's risk of default rates; then sell those smaller interest pieces to investors.

12. The process is to create the ability to convert the assets (the mortgage-backed securities) into cash, by allowing smaller investors to purchase shares in a larger asset pool. Mortgage-backed securities is an example of individual smaller investors who are able to purchase a portion of a mortgage as a type of bond or investment without the ability to securitize mortgages, individual investors will not be able to afford to buy into a large pool of mortgages. Wall Street sells the same mortgage multiple times; and this has resulted in an avalanche of law suits involving the Nation's largest banks and mortgage lenders.

13. Defendant and or Defendants agents filed a foreclosure complaint in the name of Defendant "CITIMORTGAGE, INC.", attached was a Mortgage in the name of the original lender "CITIMORTGAGE, INC" and an assignment of Mortgage filed with the recorder of deeds.

14. The assignments did not assign the underlying note which makes it void under law.

15. Plaintiff notes an Assignment of Mortgage without transfer of the underlying promissory note is a nullity.

16. On information and belief attempts to convey interest in the indebtedness presented were not signed by officers of the company they purport to have been. And when Plaintiff demanded to see further documentation as to the identity of who in fact

signed these conveyance documents Defendant refused and presented further documentation that tends to confuse and mislead Plaintiff as to the ownership of their indebtedness.

17. For example, several of the assignments violated the terms and conditions of section 2.01 of the pooling and servicing agreement for the trust Plaintiff's loan had been placed in. The note is yet to be seen or known to actually be endorsed at all, and therefore no proof of the Defendant's ownership of the underlying debt as required in order to legally foreclose in Illinois was shown.

18. Rather, these documents are in support of a fraudulent foreclosure and are falsified evidence of an illegal, wrongful, untruthful, unlawful, and deceitful foreclosure.

## Factual allegations

19. Plaintiff was and is the owner of certain real estate (hereinafter "Property") located at 523 Wallace Avenue, Chicago Heights, Illinois 60411, legally described as a single family dwelling home, occupied by tenants at this present time.

20. Plaintiff is and has been in possession of the above-referenced property.

21. Plaintiff entered into a consumer mortgage transaction with CitiMortgage, Inc. ("Originating Lender"), in the amount of $131,00.00.

22. After making regular payments for years on the note associated with the property, Plaintiff experienced a financial difficulty and a default occurred.

23. Defendant filed a foreclosure action in the name of CitiMortgage, Inc. ("servicing company") as the ("Originator") in the Chancery Division of the Cook County Circuit Court alleging failure to make payments on the note.

24. In Defendant's complaint to foreclose the mortgage, Defendant alleged CitiMortgage. is the mortgagee in the mortgage (See ¶3D of Complaint to Foreclose Mortgage attached hereto as "Exhibit E"). In support of Defendant's Complaint to Foreclose Mortgage a copy of the alleged note and mortgage were attached.

25. Defendant and or Defendant Agent's drafted and filed the assignment of Mortgage by the Mortgage Electronic Registration System ("MERS").

26. MERS stated on the assignment of mortgage that it is the "nominee" for CitiMortgage the ("Originator") when MERS is not a functional entity with employees, but is an electronic system for housing of mortgage paper. It also states it is the holder and owner of a certain promissory note, and has hereby acknowledged and hereby transfer and assign set over and deliver unto Defendant "CitiMortgage, Inc." who is a servicer and not the lender.

27. Plaintiff is informed and believes, and thereon alleges, that pursuant to Illinois Law, to perfect the transfer of mortgage paper as collateral, the owner should physically deliver the note to the transferee. Without physical transfer, the sale of the note is invalid as a fraudulent conveyance or as unperfected.

28. With reckless disregard for Plaintiff's rights to be heard in the lower court, Defendant proceeded with a foreclosure of Plaintiff's residence.

29. In order to bring a foreclosure the proper documents must be in place, the note, the mortgage, and accompanied by a valid assignment.

30. Defendant, and or Defendant's agent fabricated a ring of documents, to facilitate a wrongful foreclosure.

31. On the assignment of mortgages, the signer of the assignments of mortgages impersonated the signature of an Assistant Secretary of the Mortgage Registration System, Inc. (Hereinafter "MERS") to facilitate the wrongful foreclosure on Plaintiff property. Defendant has not filed into the county record a power of attorney given the authority to sign any documents.

32. It is well known that the MERS has no employees whatsoever and is legally precluded from assigning the deed of trust or mortgage for lack of ownership and that MERS is an electronic system that only houses mortgage records and can and will never transfer the Note or as a Promissory Note.

33. Since no evidence of "MERS" ever owning the underlying note exists, it could not transfer the beneficial interest of the assignment of mortgage to another. MERS' lack of ownership interest in promissory notes is a matter of decided case law.

34. Any attempt to transfer the beneficial interest of a trust deed or Assignment of Mortgages without ownership of the underlying note is void under law.

### First Cause of Action – Wrongful Foreclosure

35. For Plaintiff's first claim for relief, Plaintiff repeats and re-allege the allegations above as if fully set forth herein:

36. At all times relevant herein, the foreclosing Defendant acting as the servicer for the subject mortgage loan and had a duty to exercise reasonable care and skill to maintain proper records and present appropriate documentation of ownership in order to foreclose on the property.

37. Defendants and or Defendant Agent had a duty to present proper verifiable documentation supporting the chain of title of Plaintiff's mortgage to the state court prior to filing any action to foreclose upon Plaintiff.

38. Defendants and or Defendant Agent had a duty to present all evidence that they are the real parties of interests to the said property.

39. Defendant and or Defendant Agent had a duty to present the sequential ledger of the notary for the signatures on the assignment of mortgages.

40. Defendant, and or Defendant agent's had a duty to prove that the irregularities were not fraudulent upon the plaintiff and the court.

41. Defendants and or Defendant Agent acted in violation of said duty by committing the following acts:

    i. Failing to determine whether documents in Defendant's possession support Defendant's right to enforce the underlying note and foreclose upon Plaintiff;

    ii. Failing to investigate whether Defendant was authorized to foreclose on the mortgage lien at the property;

    iii. Failing to present evidence showing Defendant is a "real party in interest" with respect to the foreclosure litigation;

  iv. Failing to present evidence of chain of title is or was held in Defendant name.

  v. Failing to comply with the law of the courts upon filing falsified documents of trickery upon the judge for its own financial gain.

  vi. Submitting fraudulent documents to the Circuit Court of Cook County in disregard of Plaintiff's rights; and

  vii. Failing to represent themselves as the real party interests to foreclose on the property.

42. Defendant's misconduct has caused Plaintiff damages to be determined at trial.

## Second Cause of Action – Fraudulent Misrepresentation

43. For Plaintiff's third claim for relief, Plaintiff repeats and re-allege the allegations above as if fully set forth herein:

44. Defendants falsely and fraudulently represented themselves to be the owners of the note secured by a mortgage on the property at 523 Wallace Avenue, Chicago Heights, Illinois 60411.

45. However, Defendant cannot show they are the proper party to have foreclosed on the above-referenced property.

46. Defendants made the above-referenced false representations, concealments, and non-disclosures with knowledge of the misrepresentations, intending to induce Plaintiff's reliance, including filing fraudulent assignments of mortgages with the Circuit Court of Cook County.

47. Defendants made the above-referenced of false recording and drafted, by admitting in the lower court that counsel makes these documents all the time for foreclosures cases.

48. Defendant's misconduct has caused Plaintiff damages to be determined at trial.

### Third Cause of Action – Deceptive Business Practices

49. For Plaintiff's fourth claim for relief, Plaintiff realleges and incorporates herein the paragraphs under "factual allegations" and further alleges:

50. Defendant engaged in deceptive business practices when after several attempts by Plaintiff to ascertain the true owner of the indebtedness, Defendant represented themselves as a real party in interest and attempted to foreclose on the home.

51. Defendant knew they did not have the legal standing to foreclose and therefore created assignments of mortgages in attempts to show they had a true ownership interest in the property.

52. Defendant's and or Defendant agent's representations were improper and deceptive.

53. Defendant's misconduct has caused Plaintiff damages to be determined at trial.

### Prayer for Relief

**WHEREFORE,** Plaintiff prays for relief as follows:

A. An award in for of Plaintiff against Defendant for all damages sustained as a result of Defendants' wrongdoing in an amount to be determined at trial;

B. Punitive damages on all Plaintiff's claims;

C. Reasonable costs and expenses incurred in this action, including attorney fees and costs; and

D. Any such other relief as the Court may deem just and proper.

### Jury Demand

Plaintiff, MYKEL ANDREWS, demands a trial by Jury under the Federal Rules of Civil Procedure 38(b) on all issues so triable

Respectfully submitted,

_____
Attorney for Plaintiff

David A. Kadzai
**KADZAI LAW GROUP. LLC**
P.O. Box 16369
Chicago, IL 60616
Telephone: (312) 229-0050
Attorney No. 6301347
dkadzai@kadzailawgroup.com