# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **MYKEL ANDREWS,**<br><br>　　　　　　**Plaintiff,**<br><br>　　　v.<br><br>**CITIMORTGAGE, INC.,**<br><br>　　　　　　**Defendant.** | **Case No. 13 C 8513**<br><br>**Hon. Harry D. Leinenweber** |

### MEMORANDUM OPINION AND ORDER

On September 13, 2012, Defendant CitiMortgage ("CitiMortgage") commenced a mortgage foreclosure action against Plaintiff Mykel Andrews ("Andrews") in the Circuit Court of Cook County, Chancery Division. Thereafter, on July 24, 2013, the court granted summary judgment in favor of CitiMortgage and entered a Judgment of Foreclosure and Order of Sale. Three months later, the foreclosed property was sold at a public auction. On November 21, 2013, CitiMortgage moved for an order approving the sale. The court granted Andrews leave to respond and scheduled the matter for a hearing on January 3, 2014.

In the interim, on November 25, 2013, Andrews filed a Complaint in this Court, seeking relief against CitiMortgage for wrongful foreclosure, misrepresentation, and deceptive business practices in connection with the foreclosure of his mortgage. CitiMortgage has moved to dismiss the case on the theory that Andrews' claims are barred from federal review under the *Rooker-*

*Feldman* doctrine. *See, Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923).

The *Rooker-Feldman* doctrine prohibits federal district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). However, *Rooker-Feldman* applies only in limited circumstances: where the losing party in state court "filed suit in federal court *after the state proceedings ended.*" *Id.* at 291 (emphasis added). Thus, only final, not interlocutory, state court rulings "evoke the doctrine or preclude federal jurisdiction." *TruServ Corp. v. Flegles, Inc.,* 419 F.3d 584, 591 (7th Cir. 2005). Under Illinois law, a state court's entry of a judgment of foreclosure "does not conclude the case and is not final." *In re Hodges,* 350 B.R. 796, 801 (Bankr. N.D. Ill. 2006). A foreclosure judgment becomes final and appealable only after the sale of the property has occurred and the court has entered an order confirming the sale and directing the distribution. *EMC Mortg. Corp. v. Kemp,* 982 N.E.2d 152, 159 (Ill. 2012).

Because Andrews filed the present lawsuit before the state court had ruled on the motion to approve the sale, *Rooker-Feldman*

does not apply. *See, e.g., Hodges,* 350 B.R. at 801-02. Although it is true that a judgment of foreclosure may be appealable immediately where the state court certifies in writing pursuant to Illinois Supreme Court Rule 304(a) that "there is no just reason for delaying enforcement or appeal," *In re Marriage of Verdung,* 535 N.E.2d 818, 824 (Ill. 1989), there is no indication that the court made any such findings in this case. Thus, the judgment of foreclosure was "merely interlocutory," *EMC Mortg. Corp.,* 982 N.E.2d at 159, and the Court is not barred from reviewing Andrews' claims in this action.

For the reasons stated herein, Defendant CitiMortgage's Motion to Dismiss is denied.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　　United States District Court

Date:6/6/2014