IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **Mykel Andrews** ) | |
| ) | |
|    **PLAINTIFF,** ) | |
| ) | |
|  v. ) | Case No. 13 CV 08513 |
| ) | |
| **CitiMortgage, Inc.** ) | |
| ) | |
| ) | Judge Leinenweber |
| ) | |
|    **DEFENDANT.** ) | |

<u>**RESPONSE TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**</u>

**NOW COMES** the Plaintiff, MYKEL ANDREWS, (hereinafter "Plaintiff"), requesting this Honorable Court deny Defendant CITIMORTGAGE, INC'S (hereinafter "CitiMortgage" or "Citi") Motion to Dismiss. In response thereto, Plaintiff states as follows:

**Brief Primer on Federal Rule of Civil Procedure 12(b)(1)**

A motion to dismiss brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (FRCP) asks this court to dismiss an action over which it allegedly lacks subject-matter jurisdiction. Rule 12(b)(1) is clear in that the rules dictate any motion brought pursuant to FRCP Rule 12(b) must be brought prior to any answer, or other responsive pleading, is filed in the matter. In the instant case, Defendant attempts to do an end-run around FRCP 12 by filing a motion to dismiss after answering the Complaint at Law and citing a case with dissimilar procedural history from the case at

bar in support thereof.[1] First, Defendant filed a motion to dismiss on substantially similar grounds that was denied by this Court on January 2, 2014. Next, Defendant filed an Answer, as required by court, on July 22, 2014.

Because Defendant filed their Answer a motion to dismiss pursuant to FRCP 12 is improper and cannot be sustained.

### Argument

I. **DEFENDANT IMPERMISSIBLY FILED A SECOND MOTION TO DISMISS AFTER ANSWERING THE COMPLAINT AT LAW.**

Defendant's motion to dismiss cannot be sustained where, as here, an answer to the complaint has already been filed. Simply put, Rule 12(b) of the Federal Rules of Civil Procedure clearly states: "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed". FRCP 12(b). In the case at bar, a responsive pleading was not only allowed but filed by Defendant after this Court denied their first motion to dismiss. As such, Defendant's second motion to dismiss is procedurally improper and must be denied with prejudice.

Because any motion to dismiss pursuant to 12(b)(1) is improper under the Federal Rules of Civil Procedure after an answer has been filed, Defendant's motion to dismiss must be denied with prejudice.

II. **THE COURT HAS SUBJECT-MATTER JURISDICTION AND THE COLORODO ABSTENTION DOCTRINE DOES NOT APPLY.**

Defendant asks this Court to ignore the distinct and different questions of law

---

[1] In *Charles v. Bank of America*, 11 CV 8217, Bank of America filed a motion to dismiss prior to any Answer, and, therefore, the 12(b)(1) motion was properly before Judge Castillo.

presented by Plaintiff in this action. For example, in the instant matter the questions of law are separate from any state foreclosure action. Indeed, Plaintiff ask this Court to determine whether Citi has defrauded him and thereby violated state and federal law. The routine and high volume of foreclosure proceedings in state court tend to prejudice the rights of homeowners because of the high volume and lack of adequate resources to address bona fide issues surrounding foreclosure fraud. Moreover, the allegations as set forth in Plaintiff's complaint are not vexatious, contrived or reactive as Defendant suggests. Rather, Plaintiff presents bona fide claims and seeks relief from this Court.

Finally, the Colorado abstention doctrine is purely discretionary. It is a doctrine of exceptional circumstances, where an abstention from the exercise of federal jurisdiction would clearly serve an important countervailing interest. County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-189 (1959). Here, there are no parallel actions present, so the Colorado abstention doctrine is inapplicable as there is no concurrent state proceeding. The standard set forth in *Colorado River* is only relevant where there is parallel litigation---when federal and state courts proceedings are simultaneously determining the rights of parties with respect to the same questions of law.[2] It is a standard not based on comity or respect between courts

---

[2] *See Chase Brexton Health Services, Incorporated v. Maryland,* 411 F.3d 457, 463 (4th Cir. 2005) (the parallel state litigation may be an administrative proceeding if adjudicative in nature). *Interstate Material Corporation v. City of Chicago,* 847 F.2d 1285, 1288 (7th Cir. 1988). *Accord Ingalls v. AES Corporation,* 311 F. App'x 911, 914 (7th Cir. 2008) (determining whether state and federal proceedings are parallel involves assessing whether they arise out of same facts and involve similar factual and legal issues). *See also Gannett Company v. Clark Construction Group, Incorporated,* 286 F.3d 737, 742 (4th Cir.

systems, but rather to avoid duplicative litigation.

Because no parallel suits exist the Colorado abstention doctrine is inapplicable and Defendant's Motion to Dismiss must be denied with prejudice.

## Conclusion

**WHEREFORE**, Plaintiff, MYKEL ANDREWS, requests this Honorable Court deny Defendant's Motion to Dismiss with prejudice and for any other relief this Court deems equitable and just.

Respectfully submitted,

*David A. Kadzai*

_____

*Attorney for Plaintiff*

David A. Kadzai
**KADZAI LAW GROUP. LLC**
P.O. Box 641135
Chicago, IL 60664
Telephone: (312) 229-0050
Attorney No. 6301347
dkadzai@kadzailawgroup.com

---

2002); *Fox v. Maulding,* 16 F.3d 1079, 1081–82 (10th Cir. 1994). *But see McLaughlin v. United Virginia Bank,* 955 F.2d 930, 935 (4th Cir. 1992) (although the two actions involved similar claims and certain common facts, they were not parallel because neither the parties nor the legal theories were the same).